**NORTH AMERICAN MECHANICAL SERVICES CORP. d/b/a North American Construction Corp., Plaintiff,**

**v.**

**William HUBERT, d/b/a Alamo Electric, and United Fire & Casualty Company, Defendants.**

No. 94–1038.

United States District Court, C.D. Illinois, Peoria Division.

Aug. 3, 1994.

Mark C. Cullen, Springfield, IL, Alan J. Sobol, New Haven, CT, for plaintiff.

Brian McPheters, Champaign, IL, for Hubert.

Bernard A. Reinert, St. Louis, MO, for United Fire.

*ORDER*

MIHM, Chief Judge.

This matter is before the Court on the Magistrate Judge's Report and Recommendation and Defendant United Fire and Casualty Company's ("United Fire") Objections to the Magistrate's Report and Recommendation. The Magistrate recommended that United Fire's Motion to Dismiss Count 2 (# 5) be denied and that United Fire be ordered to answer the complaint. For the reasons set forth below, the Magistrate's Re-

port and Recommendation is REJECTED, and United Fire's Motion to Dismiss Count 2 (#5) is GRANTED.

## DISCUSSION

This action involves a dispute over a construction subcontract. Jurisdiction is based on 28 U.S.C. § 1332 but is contested. North American Mechanical Services Corporation ("North American") is the prime contractor for the construction of the Federal Courthouse in Danville, Illinois. William Hubert ("Hubert") was a subcontractor for North American. United Fire is Hubert's surety who issued a performance bond in favor of North American in the amount of $50,000. Count 1 of North American's complaint seeks damages from defendant William Hubert for breach of contract. Count 2 seeks payment from defendant United Fire on the performance bond.

United Fire moves to dismiss Count 2, arguing that this Court lacks subject matter jurisdiction. The parties are of diverse citizenship: North American is a citizen of Texas, Hubert is a citizen of Illinois, and United Fire is incorporated in Iowa and has its principal place of business in Iowa. The amount in controversy between North American and Hubert exceeds $50,000, and the parties do not contest the Court's jurisdiction over Count 1. The amount in controversy in Count 2 is exactly $50,000, the amount of the performance bond. 28 U.S.C. § 1332 requires that the amount in controversy exceed $50,000. The Magistrate concluded that since Count 2 arises out of the same transaction or occurrence as Count 1, this Court has "supplemental pendent party jurisdiction under 28 U.S.C. § 1367." The Court respectfully disagrees.

28 U.S.C. 1367 provides in relevant part:
(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rules 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Jurisdiction in this case is founded solely on § 1332. Section 1367(b) prevents a plaintiff whose original claim meets the requirements of § 1332 from then "smuggling" state claims into federal court though the use of the impleader, joinder, and intervention rules when doing so would be inconsistent with the jurisdictional requirements of § 1332. However, North American does not assert a claim against a person made a party under Rules 14, 19, 20, and 24 because United Fire was originally named as a defendant in the complaint.

Although § 1367(b) does not specifically address the question of supplemental jurisdiction over a plaintiff whose original claim against one defendant does not meet the jurisdictional requirements of § 1332, as opposed to claims against persons coming in under the impleader, joinder, and intervention rules, "the implication is that plaintiffs without an independent ticket of entry to federal court should not be able to get into federal court by 'piggybacking' onto other claims which do satisfy the jurisdictional requirements." *Leung v. Checker Motors Corporation*, No. 93–C2704, 1993 WL 515470, at *1 (N.D.Ill. December 7, 1993). "Section 1367 is intended to allow supplemental claims to be appended to actions already properly before a federal court, not to squeeze in an initial action that is otherwise beyond the

court's jurisdiction." *Duet v. Lawes and The Hertz Corporation,* No. Civ.A. 94–0739, 1994 WL 151095, *1 (E.D.La. April 7, 1994).

Although § 1367(b) does not address the jurisdictional issue raised in this case, § 1367(a) and the legislative history do provide guidance. Section 1367(a) provides that the district courts shall have supplemental jurisdiction over claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy, "*except* as provided in subsections (b) and (c) or as *expressly provided otherwise by Federal statute.*" (emphasis added). 28 U.S.C. § 1332 expressly provides otherwise. Section 1332 grants original diversity jurisdiction only over "civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs...." In addition, the legislative history of § 1367 provides that "[i]n diversity cases, the district courts may exercise supplemental jurisdiction, *except when doing so would be inconsistent with the jurisdictional requirements of the diversity statute.*" H.R.Rep. No. 734, 101st Cong.2d Sess. 29 (1990), U.S.Code Cong. & Admin.News 1990, 6802, 6860, 6875 [hereinafter House Report]. Therefore, federal courts cannot exercise supplemental jurisdiction when doing so would conflict with the requirements of 28 U.S.C. § 1332.

Congress intended § 1367(a) to fill the "statutory gap noted in *Finley v. United States,*"[1] not allow pendent party jurisdiction in cases founded solely on diversity. Wright, Miller, Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3523, p. 25 of the 1994 Pocket Part ("The practice of denying pendent-party jurisdiction in cases founded solely upon diversity will remain in place."); Denis F. McLaughlin, *The Federal Supplemental Jurisdiction Statute—A Constitutional and Statutory Analysis,* 24 Ariz.St. L.J. 849, 926 (1992) ("*In all cases not founded solely on § 1332,* the statute now authorizes full supplemental jurisdiction for all

claims involving additional parties, without restriction as to whether the additional party is joined as a 'pendent party plaintiff' or 'pendent party defendant.'") (Emphasis added).

As stated in the legislative history, "[t]he net effect of subsection (b) is to implement the principal rationale of *Owen Equipment & Erection Co. v. Kroger* [,]" 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In *Kroger,* the Supreme Court prohibited the exercise of supplemental jurisdiction over a claim by a plaintiff against a third party subsequently impleaded by the defendant when doing so would violate the complete diversity requirement of § 1332. Section 1367(b) also prohibits plaintiffs from utilizing the supplemental jurisdiction to evade the amount in controversy requirement of § 1332. Section (b) simply codified *Kroger's* prohibition on plaintiffs attempting

> to evade the jurisdictional requirement of 28 U.S.C. § 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have intervened or been joined on a supplemental bases.

House Report, p. 6875.

By overruling *Finley* and codifying *Kroger,* Congress did not intend § 1367 to overrule § 1332's rules of aggregation. *See Pellegrino v. Pesch,* No. 91–C4967, 1992 WL 159169, at *6 (N.D.Ill. June 29, 1992) (Congress did not intend § 1367(a) to disturb settled case law governing the amount in controversy requirement in diversity cases); McLaughlin, 24 Ariz.St.L.J. 849, 971 ("[T]he statute preserves these rules of aggregation and effects no change in the prior case law's denial of supplemental jurisdiction for jurisdictionally inadequate claims by plaintiffs.").

In *Zahn,* the Supreme Court held that in diversity cases involving multiple plaintiffs with separate and distinct claims, including class actions, each plaintiff must present a claim meeting the monetary requirement of

---

1. In *Finley,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), the Supreme Court held that a district court in a Federal Tort Claims Act suit against the United States, a claim within the exclusive jurisdiction of the federal district courts, could not exercise supplemental jurisdiction over related state claims by the plaintiff against additional, nondiverse defendants. The Court refused jurisdiction over the state law claim, even though this sacrificed judicial efficiency and left the *Finley* plaintiff unable to find a single forum for all related claims.

the diversity jurisdiction statute. *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). Most district courts have held that § 1367 does not overrule *Zahn. See Riverside Transportation v. Bellsouth Telecommunications,* 847 F.Supp. 453, 456 (E.D.La.1994); *Leroy Cattle Co., Inc. v. Fina Oil & Chemical Company,* No. Civ.A. 93–1286–MLB, 1994 WL 151105, at *13 (D.Kan. March 2, 1994); *Leung v. Checker Motors Corporation,* No. 93–C–2704, 1993 WL 515470, at *2 (N.D.Ill. December 7, 1993) (Grady, J.); *Averdick v. Republic Financial Services, Inc.,* 803 F.Supp. 37, 45–46 (E.D.Ky.1992); *Griffin v. Dana Point Condominium Ass'n,* 768 F.Supp. 1299, 1301 (N.D.Ill.1991) (Shadur, J.).[2] The legislative history of § 1367 explicitly states that § 1367(b) "is not intended to affect" jurisdictional requirements established by *Zahn* in diversity only class actions. House Report, p. 6875.

In addition, to the *Zahn* requirement, established case law prohibits a plaintiff from aggregating separate and distinct claims against multiple defendants to meet the amount in controversy requirement. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3704, p. 80. However, if multiple defendants are jointly liable to the plaintiff, the claims against them may be aggregated to fulfill the jurisdiction requirement. *Motorists Mutual Insurance Co. v. Simpson,* 404 F.2d 511, 513 (7th Cir.1968); *National Union Fire Insurance Company of Pittsburgh v. Wilkins–Lowe & Company,* 1993 WL 453438, *5 (N.D.Ill. October 27, 1993).

Applying these aggregation rules to this case, the Court lacks jurisdiction over Count 2. The amount for which Hubert and United Fire are jointly liable is exactly $50,000, not an amount in excess of the jurisdictional requirement. The performance bond was for exactly $50,000, and North American can recover up to $50,000 from either Hubert or United Fire to compensate for damages suffered as a result of Hubert's alleged breach of the subcontract. United Fire cannot be found liable for more than $50,000. Accordingly, this Court lacks subject matter jurisdiction over North American's claim against United Fire because the claim fails to exceed $50,000 as required by § 1332.

Section 1367(a) expressly provides that district courts do not have supplemental jurisdiction over state claims when another federal statute expressly provides otherwise. Section 1332 provides otherwise, and § 1367 does not overrule § 1332's aggregation rules. Therefore, even though Count 1 and Count 2 appear to be part of the same case or controversy, the Court cannot exercise supplemental jurisdiction over Count 2 because § 1332 provides otherwise.

### CONCLUSION

For the reasons set forth above, the Magistrate's Report and Recommendation is **REJECTED** and United Fire's Motion to Dismiss Count 2 (# 5) is **GRANTED**. The Clerk is ordered to terminate United Fire as a Defendant in this action and refer the case back to the Magistrate Judge.

---

**2.** At least two district courts have concluded, in non-class action suits, that § 1367 overrules *Zahn. Garza v. National Am. Ins. Co.,* 807 F.Supp. 1256, 1257–58 (M.D.La.1992); *Patterson Enter. V. Bridgestone/Firestone, Inc.,* 812 F.Supp. 1152, 1154–55 (D.Kan.1993).