**Michael D. McGOWAN, Plaintiff,**

v.

**CADBURY SCHWEPPES, PLC, and Cadbury Schweppes, Inc., Defendants.**

**No. 96 Civ. 2205 (HB).**

United States District Court, S.D. New York.

Sept. 9, 1996.

Mark C. Gardy, Joshua M. Lifshitz, Abbey & Ellis, New York City, for plaintiff.

William J.F. Roll III, Karen M. Crupi, Irene Chang, Benjamin L. Coleman, Shearman & Sterling, New York City, for defendants.

### Opinion and Order

BAER, District Judge.

Plaintiff brought this class action against defendant in state court seeking damages and injunctive relief for defendant's alleged false advertising of Holland House Red Cooking Wine. Defendant removed this action to federal court asserting diversity jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332. Plaintiff now moves to remand. For the reasons set forth below, plaintiff's motion is granted.

### I. Background

Plaintiff filed this class action in the Supreme Court of the State of New York on behalf of himself and all other persons in the United States who purchased Holland House Red Cooking Wine during the applicable class period. Plaintiff alleges that defendants made misrepresentations in the advertising, promotion and labelling of Holland House Red Cooking Wine. Plaintiff seeks an unspecified amount of compensatory damages, punitive damages and attorney's fees. Plaintiff also seeks equitable relief and asks that the Court enjoin defendants from further misrepresentations and to require defendants to issue a corrective advertising and promotional campaign as well as corrected product labelling. Defendant removed the case to the Federal District Court for the Southern District of New York pursuant to 28 U.S.C. § 1332. Plaintiff seeks to remand the case to state court.

### II. Discussion

Pursuant to 28 U.S.C. § 1332, this Court may exercise diversity jurisdiction only where the parties are of diverse citizenship and the amount in controversy exceeds $50,-000, exclusive of interests and costs. 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse here.[1] Thus, the only question for the Court to resolve is whether the amount in controversy requirement is satisfied.

Defendants bear the burden of proving that the jurisdictional requirements of 28 U.S.C. § 1332 are satisfied. *Chase Manhattan Bank, N.A. v. American Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1069 (2d Cir.1996) (citations omitted) (quoting *Tong-*

---

1. Plaintiff is a New York State resident. Defendant Cadbury Schweppes PLC is an English corporation with its principal place of business in London, England. Defendant Cadbury Schweppes, Inc. no longer exists. However, when it did exist, Cadbury Schweppes, Inc. was a Delaware corporation with its principal place of business in Connecticut.

*kook America, Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir.1994) ("[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."); *see also McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936) (the party seeking federal court jurisdiction bears the burden of establishing that the requirements of 28 U.S.C. § 1332 are satisfied). Defendants advance three arguments in support of their argument that jurisdiction is proper here; (1) this Court can look to the cost of injunctive relief to defendant to satisfy the amount in controversy requirement; (2) plaintiff's request for punitive damages constitutes a "common and undivided interest" of the class; or (3) if plaintiff is successful, all attorney's fees will be awarded to the class representative, thus this Court can exercise supplemental jurisdiction over the unnamed plaintiffs under 28 U.S.C. § 1367.

Removal is granted here as it is in *Bernard v. Gerber Food Products Co.,* 95 Civ. 1903 (HB), also decided today. Since the defendants in both actions make the same legal arguments, familiarity with that opinion is assumed and the analysis here is somewhat abbreviated.

### a. Defendant's equitable relief argument is rejected.

Defendant contends that plaintiff seeks equitable relief in the form of a court order that requires defendants to retract existing labelling, promotional materials and advertising for Holland House Red Cooking Wine which contains alleged misstatements and issue corrective labelling, promotional and advertising campaigns. Defendants contend that the cost of equitable relief, if awarded, to defendants would exceed $50,000. Further, defendants contend that the Court should view this cost from the perspective of defendants

and thus, it satisfies the jurisdictional requirements of 28 U.S.C. § 1332.

Although it is likely that equitable relief in the form of a corrective advertising campaign would likely cost defendants at least $50,000, if not much more, the Second Circuit has rejected the contention that the Court can consider the relief sought from the perspective of either party or the party seeking jurisdiction when determining whether the amount in controversy requirement has been satisfied. In fact, the Second Circuit follows the majority of courts and looks to the relief sought from the plaintiff's viewpoint. *Law Audit Services Inc. v. Studebaker Technology, Inc.,* 1996 WL 137492, at *4 (S.D.N.Y. Mar. 27, 1996) (*citing Kheel v. Port of New York Authority,* 457 F.2d 46 (2d Cir.), *cert. denied,* 409 U.S. 983, 93 S.Ct. 324, 34 L.Ed.2d 248 (1972)); *Leslie v. BancTec Service Corp.,* 928 F.Supp. 341, 348 n. 11 (S.D.N.Y.1996) ("When necessary, the Court will use the 'plaintiff's viewpoint' test.") (citing *Law Audit Servs., Inc. v. Studebaker Tech., Inc.,* 96 Civ. 0926, 1996 WL 137492, *3 (S.D.N.Y. Mar. 27, 1996)). At least one case, *Cowan v. Windeyer,* 795 F.Supp. 535, 537 (N.D.N.Y.1992), suggests that this is clearly the law; there is "ample case authority from this circuit holding that the amount in controversy for jurisdictional purposes should be measured strictly from the plaintiff's perspective, without regard to the damage caused to any other party." *Id.* (citations omitted).

Further, there are strong policy considerations which favor maintaining the plaintiff's viewpoint rule. Congress' intent to restrict federal court jurisdiction would be diluted if courts measured the costs of relief from the defendant's viewpoint in a removal action and such a rule would only broaden, rather than restrict, federal court jurisdiction.[2] Additionally, jurisdictional requirements are based generally upon the rights asserted by the plaintiff without regard to the defen-

---

**2.** For example, as pointed out in Wright's *Federal Practice and Procedure* § 3073, if courts tested the jurisdictional amount from the plaintiff's viewpoint when an action is instituted in federal court but yet from the defendant's viewpoint when an action is removed to federal court, then it is possible that a case which is dismissed for

lack of subject matter jurisdiction because the jurisdictional requirement is not satisfied, and which is recommenced in state court, could theoretically be removed if the amount in controversy from the defendant's point of view exceeded $50,000. Clearly, this would violate the well-established rules governing federal jurisdiction.

dant's pleading. *Cowan,* 795 F.Supp. at 538. Consequently, defendant's argument that the costs of injunctive relief should be measured from defendant's perspective and would satisfy the jurisdictional requirements of § 1332 must be rejected.

### b. Punitive damages do not constitute a "common and undivided interest."

Defendants' second argument is based on the proposition that when two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, aggregation of damages is permitted. *Snyder v. Harris,* 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969). Defendants argue that plaintiff's claim for punitive damages here seeks to enforce a single right in which all of the purported class members have a common interest. Defendants argue that the effect of punitive damages is to punish and to deter and that as the Eleventh Circuit found in *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357–59 (11th Cir.1996), "for the public benefit—the collective good" and it is, therefore, proper that punitive damages be considered in the aggregate. Defendants also rely on *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326 (5th Cir.1995), to support their argument.

While the Second Circuit has recognized a limited exception to the rules announced in *Snyder* and *Zahn v. Inter. Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), the interest of the purported plaintiff class must be a common and undivided one. *Benfield v. Mocatta Metals Corp., et al.,* 91 Civ. 8255, 1993 WL 148978, *3 (S.D.N.Y. May 5, 1993) (while an exception to *Zahn* has been recognized, "that exception only applies where 'several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest.'"). Here, the purported plaintiff class does not share a common and undivided interest. The claims of the class here derive from the individual injury each plaintiff suffered as the alleged victim of consumer fraud. Plaintiffs' injuries do not constitute a "common and undivided interest." Courts generally find a "common and undivided interest" in cases such as an action by the distributors of an estate against one person who has converted assets from the estate, an action by an Indian tribe to quiet title in a piece of land, or an action by a group of creditors and a debtor to recover the proceeds of a fire insurance policy. *See Bishop,* 925 F.Supp. at 297 (citing 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3704 (2d ed. 1985).

While the plaintiff class as a whole has an interest in not being exposed to false and misleading advertising and labelling. However, that interest is addressed in the class' claim for injunctive relief. Here, the focus of the inquiry is on the monetary damages the purported class seeks from the defendants. These damages are "separate and distinct," *Snyder,* 394 U.S. at 335, 89 S.Ct. at 1056, because the injuries to the plaintiff class are "separate and distinct"; each plaintiff purchased a different quantity of Holland House Red Cooking Wine. Furthermore, any damage award here could be paid out without effecting the rights of other plaintiffs, unlike a situation where the court is awarding damages by dividing a trust, res or piece of property. *See Bishop v. General Motors Corp.,* 925 F.Supp. 294, 297–98 (D.N.J.1996) (rejecting *Tapscott* and finding that a class action is just a convenient way for plaintiffs to sue as a class when each one could recover punitive damages individually against the defendant and the rights of other plaintiffs remain unaffected).

Consequently, punitive damages may not be aggregated to meet the $50,000 jurisdictional requirement and defendant's second argument is rejected.

### c. The Court declines to exercise supplemental jurisdiction over the unnamed class members and aggregate attorney's fees.

Defendant's third argument in support of jurisdiction has two prongs; first, defendant contends that under N.Y.Civ.Prac. L. & R. § 909 [3] the Court can award the class repre-

---

**3.** N.Y.Civ.Prac. L. & R. § 909 provides that:

The court may allow the representative parties

their reasonable expenses of litigation, including

sentative attorney's fees which defendant predicts will exceed $50,000, and second, the Court can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367[4] over the remaining class members' claims. In support of this argument, defendants rely primarily on *Free v. Abbott Lab. (In re Abbott Lab.)*, 51 F.3d 524 (5th Cir.), *reh'g en banc, denied*, 65 F.3d 33 (1995). There the Fifth Circuit concluded that it could exercise diversity jurisdiction over the named plaintiff due to a specific provision of the Louisiana law which awards attorney fees to representative parties. *In re Abbott Lab.*, 51 F.3d at 526–27 (citations omitted). The court went on to hold that the 1990 legislative enactment of 28 U.S.C. § 1367 effectively overruled *Zahn* and thus the court could exercise supplemental jurisdiction over the unnamed class members whose claims did not reach the jurisdictional minimum. *Id.; see also Tykla*, 1996 WL 341441, at *4.

█ The Second Circuit has rejected this view. *See Benfield*, 1993 WL 148978, at *4; *Trapanotto v. Aetna Life Insurance Co.– Aetna Health Plans*, 95 Civ. 10704, 1996 WL 417519, at *8 (S.D.N.Y. July 25, 1996). In *Trapanotto*, a class action, the defendant advanced a similar argument and Judge Preska rejected it on the basis that to award attorney's fees prior to the certification of the class would be impossible to estimate and too speculative, and went on to write:

> Without certification, of course, it is impossible to award fees under § 909. (citations omitted). Even if a class was certified, there is no factual predicate to estimate reasonably the representative plaintiff's own damages, other than to assume, given the nature of the case, that they are small. Nor is there any basis to estimate reasonably the amount of work required for the

case, the value of that work to the class, or the likely amount of attorneys' fees, much less what fees would be "reasonable."

*Trapanotto*, 1996 WL 417519, at *9.

Unlike the Fifth Circuit, the Second Circuit has not embraced the idea that 28 U.S.C. § 1367 overrules *Zahn*. *See Benfield*, 1993 WL 148978, at *4 (without a Congressional showing that 28 U.S.C. § 1367 overrules *Zahn* "this Court declines to exercise supplemental jurisdiction over class members' claims for less than $50,000 in damages."); *Trapanotto*, 1996 WL 417519, at *11. Accordingly, even if successful on the first prong of this argument, defendants' argument would fail on the second prong as the Court would not be able to exercise supplemental jurisdiction over the remaining plaintiffs' claims. Thus, this argument too must be rejected.

### III. *Conclusion*

Plaintiff's claim for relief falls far short of this Court's jurisdictional requirement under 28 U.S.C. § 1332. While the Court realizes the values of consolidation, perhaps even in conserving the time of one or more courts around the country, I am constrained to conclude that under the facts here, this Court is without jurisdiction and the motion to remand must be granted. Plaintiff's motion is GRANTED and this action is remanded to New York State Supreme Court, County of New York.

SO ORDERED.

---

attorney's fees, when as a result of the class action a fund is made available, or a recovery or compromise is had which is beneficial, to the class.

4. 28 U.S.C. § 1367 states in relevant part that: (a) ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) ... over such claims would be inconsistent with the jurisdictional requirements of section 1332.