**AMERICAN BUILDING MAINTENANCE COMPANY, Plaintiff,**

v.

**1000 WATER STREET CONDOMINIUM ASSOCIATION, d/b/a 1000 North Water Condominium Association, and Anthony Palermo, individually, and d/b/a AAP Properties, Defendant.**

No. 96–C–654.

United States District Court,
E.D. Wisconsin.

June 30, 1998.

Patricia E. Rademacher, Rena M. Honorow, Ivan Vasic, Coston & Lichtman, Chicago, IL, for Plaintiff.

Paul F. Linn, Michael, Best & Friedrich, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This action is a dispute arising from a contract for janitorial services. American Building Maintenance Company ["ABM"] alleges that the defendants owe it approximately $75,000 for services performed in 1996. The plaintiff has moved for summary judgment and the defendants have requested that the 1000 Water Street Condominium Association be dismissed for lack of subject matter jurisdiction.

## I. Factual Background

ABM is a corporation that provides janitorial services to its clients. (Plaintiff's Proposed Findings of Fact ["PPFF"] ¶ 1.) Defendant Anthony Palermo is the proprietor of AAP Properties ["AAP"]. Mr. Palermo owns condominium units located at 1000 North Water Street in Milwaukee, Wisconsin; these units consist of retail areas and an office tower. (Palermo Aff. ¶ 2.) AAP is property manager for Mr. Palermo's condominium units and performs management responsibilities for defendant 1000 Water Street Condominium Association, Inc., also a defendant. The condominium association is responsible for the common areas of the property. (Palermo Aff. ¶ 3.)

In March, 1995, ABM entered into 3 contracts with United Properties Corporation. The latter is listed on the contracts as the "agent for the owner." (Pl.'s Mot. for Summ. J., Exs. B, C.) These contracts provided that ABM would provide janitorial and other related services at 1000 North Water Street and that those services would be "according to the attached specifications" and would be performed "by any reasonable means." The attachments to the contracts stated that ABM would provide its services to different parts of the building. (PPFF ¶ 6.) The contracts provided that ABM would be paid $3338.63 a month under the first contract, $15,814.28 a month under the second contract, and $1,061.15 a month under the third contract. (PPFF ¶ 7.) The contracts stated that they would be in effect for the twelve months following March 1, 1995 and that the owner may terminate the contract upon 30 days written notice to ABM. (PPFF ¶ 8; Defendant's Response to Plaintiff's Proposed Findings of Fact ["DR"] ¶ 8.)

On November 9, 1995, Mr. Palermo entered into a sales purchase agreement with 1000 Water Street Partnership for the office tower. (Pl.'s Mot. for Summ. J., Ex. D, ¶ 1.) The agreement provided that Mr. Palermo would take title to the unit subject to already-existing contracts. (Pl.'s Mot. for Summ. J., Ex. D.) On December 7, 1995, 1000 Water Street Partnership and Mr. Palermo executed an "assignment and assumption of contracts and licenses," in which the partner-

ship assigned to Mr. Palermo the ABM "janitorial contract from tower" dated March 1, 1995. (Pl's. Mot. for Summ. J., Ex. F.) Mr. Palermo became owner of his units in January, 1996; that is when AAP began its management of those units. (Palermo Aff. ¶ 4 .)

On March 5, 1996 Mr. Palermo, as president of AAP, sent a notice of termination of all three March 1, 1995 contracts. He stated in his letter that "we are hereby exercising [sic] our rights, under paragraph 3 of said contracts, to give you the required 30 day termination notice, effective today, March 5, 1996, to terminate said contracts and that said termination will become effective 30 days from today." (Pls.' Mot. for Summ. J., Ex. G.)

ABM provided janitorial services from March, 1995 until April, 1996. (PPFF ¶ 14.) The plaintiff, however, has not been paid for the services it provided from January, 1996 though April, 1996. The total amount of the unpaid invoices is $72,313.96. (PPFF ¶¶ 15, 17.) ABM has moved for summary judgment against Mr. Palermo and AAP, but not against the condominium association.

## II. Summary Judgment Analysis

■ A motion for summary judgment will be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. Only disputes over facts that are outcome determinative under the applicable substantive law are considered to be material and will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 370 (7th Cir.1997).

The standard summary judgment procedure is that a summary judgment movant identifies for the court, "with reference to the record and to the law," the portions of the record that show that no genuine issues of material fact exist. *See Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 979 (1996); *Major Mat Co. v. Monsanto Co.*, 969 F.2d 579, 582 (7th Cir.1992). Once the movant does this, the non-movant must produce evidence beyond the pleadings to show that there are indeed genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Logan*, 96 F.3d at 979. In resolving the motion, the court must then view the record, and any reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *Griffin v. City of Milwaukee*, 74 F.3d 824, 826–27 (7th Cir.1996).

The plaintiff argues that given the undisputed facts, it is clear that it is entitled to summary judgment against Mr. Palermo and AAP for their breach of the contracts. The crux of the defendants' argument is that there is a genuine issue of material fact on the question of whether ABM adequately performed its duties under the contracts. They provide Mr. Palermo's affidavit, in which he states that he "became aware of the shoddy and unworkmanlike performance of the cleaning services" after he had assumed ownership of his condominium units. Mr. Palermo also states that he received several complaints about the cleaning services from office tower tenants. (Palermo Aff. ¶ 7–8.) The plaintiff responds with the assertion that it provided janitorial services during the time in question (Micheli Aff. ¶ 17), and that it substantially and fully performed its obligations under the contracts.

■ I agree with the defendants that there is a factual dispute and that this dispute is material. Whether ABM was fully performing its contractual duties is the central question in this action. If the plaintiff was not fully performing, the defendants may have a defense against the plaintiff's claims. *See Management Computer Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis.2d 158, 183, 557 N.W.2d 67 (1996) ("It is well established that a material breach by one party may excuse subsequent performance by the other."). Because it is unclear whether ABM may have materially violated the contract by not adequately performing its janitorial and related services, the movant simply has not shown that it is entitled to judgment as a matter of law.

## III. Subject Matter Jurisdiction

In its response to the plaintiff's motion for summary judgment, the defendants also argue that this court does not have subject matter jurisdiction over the condominium association because the amount in controversy between ABM and that defendant does not exceed the amount required by statute. The "amount in controversy" requirement arises in cases in which the parties are citizens of different states; only when the matter exceeds a certain sum does a federal court have jurisdiction over that action. 28 U.S.C. § 1332.

The amended complaint alleges that the plaintiff is a California corporation and that the defendants are citizens of Wisconsin. At the time of the filing of this action, 28 U.S.C. § 1332 required that the matter in controversy between the parties exceed $50,000. The defendant argues that this court does not have jurisdiction over the condominium association because the plaintiff's claim against that defendant only amounts to $13,654.36.

ABM declined to address the defendant's subject matter jurisdiction argument, stating that it only made its motion for summary judgment against AAP and Mr. Palermo. That the only pending motion is against defendants other than the condominium association, though, does not preclude me from addressing the jurisdictional issue. A court has a duty to resolve potential jurisdictional problems, even if the issue must be resolved upon the court's sua sponte discussion. *Commercial Nat'l Bank of Chicago v. Demos,* 18 F.3d 485, 487 (7th Cir.1994).

This is certainly not a well-settled matter of law, and the parties have not provided any support for the proposition that jurisdiction does or does not exist over the condominium association. I nevertheless agree with the defendants' argument. ABM does not dispute that the association is a separately incorporated legal entity, that it is comprised of various unit owners, including the city of Milwaukee, a credit union, and Mr. Palermo, and that it has its own contract with ABM for janitorial service for the common areas of the building. The claim against the condominium association therefore appears to be a claim that is separate from the claims against Mr. Palermo and AAP.

The next question then is whether the plaintiff can maintain a claim over a diverse defendant when that claim does not meet the amount in controversy requirement, but when there are other claims against other diverse defendants that do meet the amount in controversy requirement. There are very few cases addressing the question as it applies to defendants, but prior to 1990, the controlling law was that all *plaintiffs* must meet the amount in controversy requirement, even when one plaintiff has met that requirement. *See Zahn v. International Paper, Co.,* 414 U.S. 291, 300, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). In 1990, however, Congress passed 28 U.S.C. § 1367, which is entitled "Supplemental jurisdiction" and provides as follows:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claim by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(a) & (b).

After the passage of the supplemental jurisdiction statute, courts were faced with a puzzling question: Did that statute overrule *Zahn* or did Congress intend it to apply only to cases in which the original claim arose under federal law and not under diversity between the parties? In *North American Mechanical Servs. Corp. v. Hubert,* 859 F.Supp. 1186 (C.D.Ill.1994), the court asked

whether it had jurisdiction over a second diverse defendant that did not meet the amount in controversy requirement, even when the claim against the first defendant met the requirement—the precise question facing me. The district court found that the legislative history of § 1367 showed that Congress did not intend that statute to apply to diversity-only cases and therefore dismissed the plaintiff's claim against the second defendant. *Id.* at 1188.

Two years later, the court of appeals for the seventh circuit analyzed the supplemental jurisdiction statute in a case in which two plaintiffs sued the same defendant, both under the diversity statute. The first plaintiff met the amount in controversy requirement, but the second plaintiff did not. *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928 (7th Cir.1996). The court, noting that "[w]hen text and legislative history disagree, the text controls," declined to examine the lengthy legislative history of § 1367 and instead found that a plain-reading of the statute allows "suit by a pendent plaintiff who satisfies the diversity requirement but not the jurisdictional amount." *Id.* at 931.

The logical conclusion is that, by way of analogy to *Stromberg*, § 1367 also applies to a second defendant who does not meet the jurisdictional amount. The second part of the statute, § 1367(b), however, precludes such a claim. That subsection states that when the court's original jurisdiction is based on diversity, as it is here, the court shall not have supplemental jurisdiction over claims against persons made parties under, among other rules, Rule 20, Federal Rules of Civil Procedure. That rule allows a plaintiff to bring a separate claim against a separate defendant when the plaintiff's right to relief is asserted against the defendants jointly, severally, and in the alternative, arises out of the same transaction or occurrence, and presents a common question of law or fact. Rule 20 appears to be the only basis for ABM's making a claim against the condominium association in the same action in which it makes a claim against Mr. Palermo and AAP.

The *Stromberg* court noted § 1367's apparent contradiction in allowing diverse plaintiffs who do not meet the amount in controversy requirement to proceed but not allowing a plaintiff to proceed against a di-verse defendant when the claim against that defendant does not meet the required amount. *See Stromberg*, 77 F.3d at 932 ("Claims *against* persons made parties under Rule 20 are forbidden, but claims *by* parties who join under Rule 20 are allowed."), (emphasis in original). The court said that the rule prevented a plaintiff from destroying the complete diversity requirement by suing a resident of a different state and adding a resident from the plaintiff's own state as a supplemental defendant. *Id.*

The situation described in *Stromberg*, however, is not present in this case: all of the defendants have citizenship that is diverse from the plaintiff's citizenship. That the current situation is a unique one does not give me the discretion, though, to circumvent the plain-meaning of the supplemental jurisdiction statute. ABM joined the condominium association as a defendant because that claim arose out of the same circumstances as ABM's claim against AAP and Mr. Palermo, not because this court had original jurisdiction over that claim. Rule 20, Federal Rules of Civil Procedure, is the rule that allowed ABM to make the claim against the condominium association in the first place. The supplemental jurisdiction statute, 28 U.S.C. § 1367, does not allow a court, when original jurisdiction is based only on diversity, to exercise jurisdiction over a defendant that was made a party under Rule 20 unless that claim also meets the jurisdictional requirement of the diversity statute, 28 U.S.C. § 1332. Because ABM's claim against the condominium association does not meet the jurisdictional requirement of § 1332, and because I am obliged follow the text of § 1367, the condominium association must be dismissed as a defendant.

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment against Mr. Palermo and AAP be and hereby is denied.

IT IS ALSO ORDERED that the 1000 Water Street Condominium Association, Incorporated be and hereby is dismissed as a defendant.