**LOG ON AMERICA, INC., Plaintiff,**

v.

**PROMETHEAN ASSET MANAGEMENT L.L.C., Hftp Investment L.L.C., Fisher Capital Ltd., Wingate Capital Ltd., Citadel Limited Partnership, and Marshall Capital Management, Inc., Defendants.**

**No. 00 CIV 6218(RMB).**

United States District Court,
S.D. New York.

Dec. 26, 2001.

---

Mark Arthur Berman, David S. Frydman, Schwartzfeld, Ganfer & Shore,

L.L.P., Steven J. Shore, Ganfer & Shore, LLP, New York City, for Plaintiff.

## DECISION AND ORDER

BERMAN, District Judge.

### I. Background

Plaintiff's claims herein have been dismissed (without prejudice) pursuant to the Decision and Order of this Court, dated December 10, 2001 ("December 10, 2001 Order").

Plaintiff, who intends to file an amended complaint, now seeks to rely upon certain documents produced in another action, i.e. "to utilize confidential and/or highly confidential information secured by LOA in the CSFB Action." (*See* Letter from Steven J. Shore dated December 12, 2001). These documents, most if not all of which were produced by one or more of the Defendants in this action, are subject to the Amended Confidentiality Order, dated July 5, 2001 (the "July 5th 2001 Order"), entered by Magistrate Judge Michael H. Dolinger in *Log On America, Inc. v. Credit Suisse First Boston,* 01 Civ. 272(RMB)(MHD).[1]

Defendants Fisher Capital Ltd., Wingate Capital Ltd. and Citadel Limited Partnership (collectively, the "Citadel Defendants") and Defendants Promethean Asset Management L.L.C. and HFTP Investments L.L.C. (collectively, the "Promethean Defendants") oppose Plaintiff's request.[2] (*See* Letters from Kevin T. Rover and Mark Landau dated December

---

**1.** Paragraph 5 of the July 5th 2001 Order states: "Confidential Material or Highly Confidential Material produced pursuant to this Confidentiality Agreement and Order **shall be used solely for purposes of this action and not in any other action or for any other purpose,** including, but not limited to, any press releases or public statements. No person to whom Confidentiality or Highly Confidential Material is provided may use or disclose it for any other purpose." (Emphasis added).

**2.** Both the Citadel Defendants and the Promethean Defendants were specifically referenced as "Non–Parties" in the July 5, 2001 Order. (*See* July 5, 2001 Order at ¶¶ 4, 16).

18, 2001 and December 19, 2001, respectively). "[T]here is no basis to permit LOA to change or amend the Confidentiality Order in the CSFB Action." (Letter from Mark Landau dated December 19, 2001). Credit Suisse First Boston Corp. ("CSFB"), not a party to the instant action, would not oppose the use by LOA of these "confidential" documents, provided that certain conditions were met. (*See* Letter from Michael Lazaroff dated December 19, 2001).

## II. Analysis

■ Following its review of the parties' submissions and applicable legal authorities, the Court denies Plaintiff's application for "relief from the Amended Confidentiality Order" based upon, among other reasons, the following:

■ (i) Permitting LOA to utilize the confidential information secured by LOA in the CSFB action would circumvent the discovery stay in this action under the Private Securities Litigation Reform Act ("PSLRA") of 1995, 15 U.S.C. § 78u–4(b)(3)(B). The purpose of the PSLRA, among others, is to offer "protection [to] the corporate defendants from plaintiffs' counsel 'discovering' their way into facts which could allow them to amend an initially frivolous complaint so as to state a claim." *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F.Supp.2d 162, 2001 WL 921168, 164 (S.D.N.Y.2001).[3]

(ii) LOA has not made a showing of "undue prejudice." *See Faulkner v. Verizon Communications, Inc.*, 156 F.Supp.2d 384 (S.D.N.Y.2001), where United States District Court Judge William C. Conner held that the need to obtain facts in support of repleading a deficient complaint does not constitute the requisite "undue prejudice" to justify lifting the PSLRA discovery stay ("We agree with the Ninth Circuit and conclude that the Complaint must stand or fall based on the allegations contained therein."); and

(iii) LOA's request is untimely as it did not seek reconsideration before Magistrate Dolinger of the July 5, 2001 Order pursuant to Local Civil Rule 6.3; nor did it object to the Order pursuant to Federal Rule of Civil Procedure 72(a); nor did LOA—until after its claims were dismissed—seek any intervention from this Court regarding "confidential" information. *See, e.g.,* Magistrate Dolinger's Order dated September 25, 2001; and

(iv) LOA has failed to show "improvidence in the grant of [the] order or some extraordinary circumstance or compelling need," *see Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir.1979), to permit use of materials it has specifically agreed to protect in another action and not utilize in this litigation.

## III. Conclusion and Order

For the foregoing reasons, Plaintiff's application is denied.

The Court sets the following timetable:

(i) Plaintiff may have until January 7, 2002 to amend (serve and file) Plaintiff's claims in accordance with the December 10, 2001 Order; and

(ii) Defendants may have until January 28, 2002 to answer the amended complaint; and

(iii) counsel for all (remaining) parties to this action are directed to appear at a **settlement/scheduling** conference with the Court on January 8, 2002 at 2:00 p.m., in Courtroom 706 of the U.S. Courthouse, 40 Centre Street, New York, New York.

---

**3.** The Court is not here ruling that LOA's initial complaint was "frivolous."

The Court directs the parties, as previously stated in the December 12, 2001 Order, to engage in good faith settlement negotiations prior to the January 8th conference.