## In re DPL INC., SECURITIES LITIGATION.

### No. C–3–02–355.

United States District Court,
S.D. Ohio,
Western Division.

Feb. 25, 2003.

Stanley Morris Chesley, James Rubin Cummins, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, Kevin Jesse Osterkamp, Eric S. Bravo, Roetzel & Andress, Columbus, OH, Robert S. Brown, The Brown Firm, Inc. LPA, Richard Lawrence Norton, Katz Greenberger & Norton, Cincinnati, OH, John Henry Stachler, Jablinski, Folino, Roberts & Martin, Dayton, OH, for Plaintiffs.

Charles Joseph Faruki, Faruki Ireland & Cox PLL, Dayton, OH, James C. Munson, Michael D. Foster, Eric T. Gortner, Kirkland & Ellis, Chicago, IL, Thomas Robert Kraemer, Faruki Gilliam & Cox PLL, Dayton, OH, Martin Lee Seidel, Gregory A. Markel, Cadwalader, Wickerslam & Taft, New York, NY, Steven L. Bashwiner, Mary Ellen Hennessy, Katten Muchin Zavis Rosenman, Chicago, IL, James H. Greer, Bieser, Greer & Landis, David Carr Greer, Bieser, Greer & Landis, Dayton, OH, Jeffrey Robert Tone, Sidley, Austin, Brown & Wood, Jeffrey Charles Sharer, Sidley, Austin, Brown & Wood, Chicago, IL, for Defendants.

Kevin Jesse Osterkamp, Eric S Bravo, Roetzel & Andress, Columbus, OH, Richard Stuart Wayne, Strauss & Troy, Cincinnati, OH, John Henry Stachler, Jablinski, Folino, Roberts & Martin, Dayton, OH, Robert S. Brown, The Brown Firm, Inc. LPA, Stanley Morris Chesley, Waite, Schneider, Bayless & Chesley, James Rubin Cummins, Waite Schneider Bayless & Chesley, Cincinnati, OH, for Movants.

DECISION AND SUSTAINING DEFENDANTS' MOTION TO STAY DISCOVERY IN STATE ACTIONS (DOC. #39); FURTHER PROCEDURES ESTABLISHED

RICE, Chief Judge.

These six consolidated federal securities actions arise out of the allegedly failed investment strategy of DPL, Inc. Four derivative actions arising out of the same factual scenario are currently pending in the Hamilton and Montgomery County Common Pleas Courts.[1] In those actions,

---

1. Two of those actions are pending in Hamilton County, while the other two are pending in Montgomery County.

the plaintiffs seek to recover on behalf of DPL, Inc., damages which that corporation allegedly suffered as a result of the breach of fiduciary duty by its officers, directors and accountants. These consolidated securities actions are now before the Court on the Defendants' Motion to Stay Discovery in State Actions (Doc. # 39), with which the Defendants seek to stay discovery in the four derivative actions pending in state court. Herein, the Court rules upon that motion.[2] The Defendants base their motion on 15 U.S.C. § 78u–4(b)(3)(D), which is entitled "Circumvention of stay of discovery" and provides:

> Upon a proper showing, a court may stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph.

Section 78u–4(b)(3)(D) was adopted as part of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub.L. 105–353, 112 Stat. 3227, which was enacted to close a perceived gap in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub.L. 104–67, 109 Stat. 737.[3] One provision of the PSLRA, 15 U.S.C. § 78u–4(b)(3)(B), provides that discovery in a federal securities action "shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to

that party." Section 78u–4(b)(3)(D) was added to prevent plaintiffs from utilizing state court actions to circumvent the stay of discovery imposed by § 78u–4(b)(3)(B). Congress explained in the legislative history:

> [Section 78u–4(b)(3)(D) ] amends [Section 21D of the Securities Exchange Act of 1934] to include a provision to prevent plaintiffs from circumventing the stay of discovery under the [PSLRA] by using State court discovery, which may not be subject to those limitations, in an action filed in State court. This provision expressly permits a Federal court to stay discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction, or to protect or effectuate its judgments. This provision authorizes a court to stay such proceedings in State court, regardless of whether: (1) there exists a parallel action in Federal court; or (2) the State proceedings were brought prior to, subsequent to, or concurrently with, a Federal filing. *Because circumvention of the stay of discovery of the [PSLRA] is a key abuse that this legislation is designed to prevent, the Committee intends that courts use this provision liberally, so that the preservation of State court jurisdiction of limited individual securities fraud claims does not become a loophole through which the trial bar can engage in discovery not subject to the stay of the [PSLRA].*

H.R.Rep. No. 105–640 at 17–18 (emphasis added).[4]

---

**2.** Discovery is pending in only one of the four state court actions, *Austern Trust v. Forster,* Case No. A0207067 (Hamilton County Common Pleas Court). The Court stays discovery in all four actions, in order to avoid the cumbersome procedure of requiring Defendants to seek an additional stay in the event that the Plaintiffs in the other state court actions should attempt to commence discovery.

**3.** The Defendants also move under the All Writs Act, 28 U.S.C. § 1651(a), which autho-

rizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions." Since the All Writs Act also permits this Court to enter the requested injunction to aid its jurisdiction, it is not discussed separately.

**4.** Parenthetically, since a motion to dismiss is not pending in this litigation, one might argue that the stay provision, § 78u–4(b)(3)(B), does not apply and that, therefore, the Court cannot prevent discovery in the state court ac-

As is indicated, § 78u–4(b)(3)(D) permits this Court to stay discovery in the state court derivative actions, if such a stay is "necessary in aid of its jurisdiction" or "to protect or [to] effectuate its judgments." According to the Defendants, a stay of the discovery in the state derivative actions is necessary in aid of this Court's jurisdiction.[5] Before addressing that argument, the Court will turn to the Plaintiffs' assertion that § 78u–4(b)(3)(D) does not apply to derivative actions, such as those pending in state court.

Plaintiffs argue that § 78u–4(b)(3)(D) is rendered inapplicable by the fact that the Defendants are seeking to stay discovery in state derivative actions, brought on behalf of DPL, Inc., and predicated upon the theory that officers, directors and accountants of that corporation breached the fiduciary duties they owed to it. In support of their argument, Plaintiffs rely upon 15 U.S.C. § 78bb(f)(5)(C), which provides that "the term 'covered class action' does not include an exclusively derivative action brought by one or more shareholders on behalf of a corporation." This Court disagrees. Section 78u–4(b)(3)(D) expressly provides that a District Court can stay discovery in *"any private action"* pending in a state court, rather than merely in a "covered class action." Therefore, exclud-

ing a derivative action from the definition of a "covered class action" does not render § 78u–4(b)(3)(D) inapplicable. Derivative actions pending in state court may be stayed pursuant to the provisions of § 78u–4(b)(3)(D).[6]

Additionally, during oral argument, the Plaintiffs argued that this Court is precluded from staying discovery in the state court actions by the Sixth Circuit's decision in *Tropf v. Fidelity National Title Ins. Co.*, 289 F.3d 929 (6th Cir.2002). Therein, the plaintiffs sued the defendants over a previous mortgage foreclosure action that had taken place in state court. The District Court dismissed the plaintiffs' claims for want of jurisdiction, under the *Rooker–Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The District Court also imposed sanctions and enjoined the plaintiffs from filing additional lawsuits arising out of the same circumstances, in either federal or state court. Upon appeal, the Sixth Circuit reversed the portion of the injunction which prevented the plaintiffs from initiating future state court actions. The Sixth Circuit noted that the Anti–Injunction Act, 28 U.S.C. § 2283, did not pre-

---

tions, by employing § 78u–4(b)(3)(D), because this is not "an action subject to a stay of discovery." This Court would not accept such an argument. Courts have held that the stay provision applies not only where a defendant has moved to dismiss a federal securities law claim, but also when it is anticipated that such a motion will be filed in the future. *In re Carnegie International Corp. Securities Litigation*, 107 F.Supp.2d 676, 681 (D.Md.2000). Herein, the Defendants have indicated that they anticipate moving to dismiss these consolidated cases, after the lead Plaintiff and lead counsel have been selected. Consequently, this Court concludes that this is "an action subject to a stay of discovery," as that phrase is used in § 78u–4(b)(3)(D).

**5.** Given that a judgment has not been entered in this litigation, an injunction to protect or to effectuate the Court's judgments is not warranted.

**6.** In *In re Transcrypt International Securities Litigation*, 57 F.Supp.2d 836 (D.Neb.1999), the Court concluded that § 78u–4(b)(3)(D) applied only to class actions pending in state court. Since that statutory provision explicitly states that a District Court can stay discovery in "any private action" pending in such court, this Court declines to follow that court's interpretation of the statute.

clude the imposition of such an injunction, since that statute "did not preclude injunctions against the institution of state court proceedings." *Id.* at 941. However, the only basis for enjoining future lawsuits in state court was the All Writs Act, 28 U.S.C. § 1651(a), which authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions." The Sixth Circuit concluded that this statute did not support the imposition of the injunction, since the District Court had concluded that it was without jurisdiction over the litigation. *Id.* at 943. Therefore, the District Court did not have any jurisdiction to aid by means of the injunction against future state court actions. Relying upon *Tropf,* the Plaintiffs point out that Judge Beckwith remanded one of the state court actions, *Austern Trust v. Forster,* Case No. A0207067 (Hamilton County Common Pleas Court), concluding that she could not exercise subject matter jurisdiction over that lawsuit.[7] If the Defendants had asked that judicial officer to enjoin state court discovery in *Austern Trust,* after that litigation had been remanded, *Tropf* would prevent the use of the All Writs Act to issue such an injunc-

tion. However, the Defendants move pursuant to § 78u–4(b)(3)(D), which authorizes this Court to stay discovery *in any action pending in state court* (regardless of whether this Court might or might not exercise subject matter jurisdiction in that state court action). Moreover, unlike *Tropf,* there is no assertion that this Court is without subject matter jurisdiction over these six consolidated cases. Therefore, *Tropf* does not prevent the entry of the requested stay of discovery.

The Defendants contend that a stay of discovery is necessary in order to aid the Court's jurisdiction. For reasons which follow, this Court agrees.[8]

To determine whether such a stay is necessary to aid its jurisdiction, the Court briefly examines that jurisdiction. The Plaintiffs in these consolidated cases have set forth federal securities law claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b–5 promulgated by the Securities and Exchange Commission, 17 C.F.R. § 240.10b–5. Under the PSLRA, this Court has the jurisdiction to decide whether the consolidated complaint which

---

**7.** *Austern Trust* was initiated in the Hamilton County Common Pleas Court and, subsequently, removed to the Southern District of Ohio at Cincinnati. That lawsuit was assigned to Judge Beckwith.

**8.** As an additional reason why this Court should stay discovery in the state court actions, the Defendants contend that the corporate rights of DPL, Inc., are being ignored in state court, because the scheduling order entered in *Austern Trust* does not provide sufficient time for DPL's Board to appoint a special litigation committee to decide whether the derivative actions are in the best interests of the corporation. *See In re General Tire and Rubber Co. Securities Litigation,* 726 F.2d 1075 (6th Cir.1984) (noting that Ohio law explicitly delegates to the board of directors of a corporation the authority to decide whether derivative litigation is in the corporation's best interests and, therefore, to adopt

that litigation). The Defendants' argument concerning the alleged transgression of DPL's corporate rights does not support this Court's decision to stay discovery in the state court actions. Even if this Court assumes for sake of argument that the state court is ignoring DPL's corporate rights, § 78u–4(b)(3)(D) does not authorize this Court to stay discovery in a state court action for that reason. Rather, that statute clearly provides that a District Court may stay discovery in a state court action, if such a stay is "necessary in aid of its jurisdiction" or "to protect or [to] effectuate its judgments." Congress was undoubtedly cognizant of federalism concerns when it enacted § 78u–4(b)(3)(D). It did not thereby repeal the *Rooker–Feldman* doctrine and give this Court appellate jurisdiction over state courts. Accordingly, this Court is without jurisdiction to review the decision by which a state court has allegedly ignored DPL's corporate rights.

it will direct to be filed, once lead Plaintiff and lead counsel have been selected, sets forth claims under those provisions in accordance with the heightened pleading standards imposed by the PSLRA. *See* 15 U.S.C. § 78u–4(b)(1) and (2).[9] Moreover, this Court has the jurisdiction to make that determination, *before any discovery has taken place.* 15 U.S.C. § 78u–4(b)(3)(B). Simply stated, if this Court does not stay discovery in *Austern Trust,* its jurisdiction to rule upon a motion to dismiss the federal securities claims, before any discovery has been conducted, will have been circumvented by discovery in the state court actions and, therefore, compromised. During oral argument, Stanley Chesley, an attorney representing some of the Plaintiffs in these consolidated cases as well as the Plaintiffs in *Austern Trust,* indicated that he anticipated sharing discovery obtained in that state court proceeding with the other counsel representing Plaintiffs in these consolidated actions. Therefore, it is apparent that the stay of discovery required by § 78u–4(b)(3)(B) will be circumvented, if state court discovery is not stayed.

Finally, § 78u–4(b)(3)(D) uses language which is very similar to that contained in the Anti–Injunction Act (*i.e.,* both statutes permit a federal court to enjoin proceedings in state court in order to aid the federal court's jurisdiction and to protect or to effectuate its judgments). The Anti–Injunction Act has been construed narrowly, so that there is a severe threshold which must be overcome before a federal court can enjoin state court proceedings. *See Huguley v. General Motors Corp.,* 999 F.2d 142 (6th Cir.1993) (discussing the narrow construction given to the excep-

tions set forth in the Anti–Injunction Act). The answer to the argument that this Court has not required that the Defendants overcome that threshold in this litigation is that the legislative history of § 78u–4(b)(3)(D), which is quoted above, indicates that courts should make liberal use of that statutory provision, in order to ensure that the stay of discovery imposed by § 78u–4(b)(3)(B) is not circumvented.

Of course, § 78u–4(b)(3)(D) authorizes a District Court to stay discovery in a state court action only upon a "proper showing." In *Lapicola v. Alternative Dual Fuels, Inc.,* 2002 WL 531545 (N.D.Tex. 2002), the court indicated that a "proper showing" "would include evidence that a stay is necessary to protect the important interests that the [PSLRA] was passed to protect." *Id.* at *1 (internal quotation marks and citation omitted). The *Lapicola* court identified two such interests which the PSLRA was passed to protect, to wit: "(1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss; and (2) to avoid the situation in which a plaintiff sues without possessing the requisite information to meet the heightened pleading requirements of the PSLRA, then uses discovery to acquire that information and resuscitate a complaint that is otherwise subject to dismissal." *Id.* Herein, by staying discovery in the state court actions, this Court ensures that Plaintiffs will not burden Defendants with unreasonable discovery demands before this Court determines whether Plaintiffs' claims can survive a motion to dismiss, and will not use discovery in the state court litigation to acquire information in order to "resus-

---

**9.** Section 78u–4(b)(1) requires that, in any private action based upon alleged misleading statements, the complaint set forth each statement alleged to be misleading and the reasons why each statement is so. Under § 78u–4(b)(2), a complaint setting forth a claim un-

der any provision of the Securities Exchange Act of 1934, which has a state of mind requirement, must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."

citate a complaint that is otherwise subject to dismissal" under the heightened pleading requirements of the PSLRA. Accordingly, the Court concludes that the Defendants have made a proper showing, justifying the exercise of the authority granted to this Court by § 78u–4(b)(3)(D), to stay discovery in the state court litigation.

Based upon the foregoing, the Court sustains the Defendants' Motion to Stay Discovery in State Actions (Doc. # 39). That stay will remain in effect until the Court has ruled upon a to-be-filed motion seeking dismissal of the Plaintiffs' federal securities claims. In order to ensure that this stay is not overly long, the Court establishes the following schedule for this litigation. Within 10 days, it will select lead Plaintiff and lead counsel. Thereafter, lead Plaintiff shall have 20 days in which to file a final consolidated, amended complaint, and Defendants shall have 20 days in which to move to dismiss. The parties may brief that request in accordance with S.D. Ohio Civ. R. 7.2(a)(2), and the Court will expedite its ruling on same.