**In re CARDINAL HEALTH, INC. SECURITIES LITIGATION,**

**This Document Relates To: All Securities Actions**

**Master File No. C2–04–575.**

United States District Court, S.D. Ohio, Eastern Division.

March 1, 2005.

Ramzi Abadou, Lerach Coughlin Stoia Geller Rudman & Robbins, San Diego, CA, for Pension Fund Group, Plaintiff.

Daniel N. Abraham, Colley Shroyer & Abraham Co., L.P.A., Columbus, OH, for Wood Asset Management, Inc., Plaintiff.

James Edward Arnold, Clark Perdue Arnold & Scott—2, Columbus, OH, for David L. McKeehan, Timothy E. Ferguson, Movants.

David Bershad, Milberg Weiss Bershad Hynes & Lerach LLP, New York, NY, for First New York Securities, LLC, Plaintiff.

Joseph J. Braun, Strauss & Troy—1, Cincinnati, OH, for Wood Asset Management, Inc., Plaintiff.

Luke O. Brooks, Lerach Coughlin Stoia Geller Rudman & Robb, San Francisco, CA, for Pension Fund Group, Plaintiff.

Robert N. Cappucci, Entwistle & Cappucci LLP, New York, NY, for First New York Securities, LLC, Plaintiff.

Vincent R. Cappucci, Entwistle & Cappucci LLP, New York, NY, for First New York Securities, LLC, Plaintiff.

Solomon B. Cera, Gold, Bennett, Cera & Sidener, LLP, San Francisco, CA, for Wood Asset Management, Inc., Plaintiff.

Stephen Eric Chappelear, Hahn Loeser & Parks—2, Columbus, OH, for Public Employees Retirement System of Mississippi, Movant.

Martin D. Chitwood, Chitwood & Harley, Atlanta, GA, for First New York Securities, LLC, Pension Fund Group, Gerald Burger, Plaintiffs.

John R. Climaco, Climaco Lefkowitz Peca Wilcox & Garofoli LPA—1, Cleveland, OH, for Gerald Burger, Wood Asset Management, Inc., Plaintiffs.

John Kevin Cogan, Jones Day, Columbus, OH, for Cardinal Health Inc, Richard J. Miller, Robert D. Walter, Defendants.

Paul P. Eyre, Baker & Hostetler, Cleveland, OH, for Cardinal Health Inc, Richard J. Miller, Robert D. Walter, Defendants.

John Ryan Gall, Squire Sanders & Dempsey—2, Columbus, OH, for Ernst & Young LLP, Defendant.

Tor Gronborg, Lerach Coughlin Stoia Geller Rudman & Robb, San Diego, CA, for Pension Fund Group, Plaintiff.

Stuart J. Gube, Chitwood & Harley LLP, Atlanta, GA, for First New York Securities, LLC, Pension Fund Group, Gerald Burger, Plaintiffs.

Shirley H. Huang, Lerach Coughlin Stoia Geller Rudman & Robb, San Francisco, CA, for Pension Fund Group, Plaintiff.

Mark Alan Johnson, Baker & Hostetler—2, Columbus, OH, for Cardinal Health Inc, Richard J. Miller, Robert D. Walter, Defendant.

Daniel Richard Karon, Goldman Scarlato & Karon, P.C., Cleveland, OH, for Gerald Burger, Wood Asset Management, Inc., Plaintiffs.

Sylvia Wahba Keller, Lerach Coughlin Stoia Geller Rudman & Robb, San Francisco, CA, for Pension Fund Group, Plaintiff.

J. Todd Kennard, Jones Day, Columbus, OH, for Cardinal Health Inc, Richard J. Miller, Robert D. Walter, Defendants.

Jack Landskroner, Landskroner—Grieco—Madden, Ltd., Cleveland, for Wood Asset Management, Inc., Plaintiff.

Jeffrey W. Lawrence, Lerach Coughlin Stoia Geller Rudman & Robbins, San Diego, CA, for Pension Fund Group, Plaintiff.

William S. Lerach, Lerach Coughlin Storia Geller Rudman & Robbins LLP, San Diego, CA, for Pension Fund Group, Plaintiff.

David P. Meyer, David P. Meyer & Associates Co LPA, Columbus, OH, for Wood Asset Management, Inc., Plaintiff.

Brian P. Muething, Keating Muething & Klekamp, Cincinnati, OH, for The State of New Jersey, Department of Treasury, Division of Investment, Movant.

Joseph F. Murray, Murray Murphy Moul & Basil—2, Columbus, OH, for Pension Fund Group, Wood Asset Management, Inc., Plaintiffs.

John M. Newman, Jr., Jones, Day, Reavis, & Pogue, Cleveland, OH, for Cardinal Health Inc., Richard J. Miller, Robert D. Walter, Defendants.

Walter W. Noss, Scott & Scott LLC, Chagrin Falls, OH, for Pacific Southwest Funding Corp., The Engel Family Trust, Movants.

Stephen D. Oestreich, Entwistle & Cappucci LLP, New York, NY, for First New York Securities, LLC, Plaintiff.

Shawn J. Organ, Jones Day, Columbus, OH, for Cardinal Health Inc, Richard J Miller, Robert D Walter, Defendants.

Geoffrey J. Ritts, Jones Day Reavis & Pogue, Cleveland, OH, for Cardinal Health Inc, Richard J. Miller, Robert D. Walter, Defendants.

Darren J. Robbins, Lerach Coughlin Stoia Rudman & Robbins, San Diego, CA, for Pension Fund Group, Plaintiff.

Henry Rosen, Lerach Coughlin Stoia Geller Rudman & Robb, San Diego, CA, for Pension Fund Group, Plaintiff.

Mark R. Rosen, Barrack Rodos & Bacine, Philadelphia, PA, for The State of New Jersey, Department of Treasury, Division of Investment, Movant.

Neil Rothstein, Scott & Scott LLC, San Diego, CA, for The Engel Family Trust, Movant.

Steven G. Schulman, Milberg, Weiss, Bershad, Hynes & Lerach, New York, NY, for First New York Securities, LLC, Plaintiff.

David R. Scott, Scott & Scott, Colchester, CT, for The Engel Family Trust, Movant.

Peter E. Seidman, Milberg Weiss Bershad Hynes & Lerach LLP, New York, NY, for First New York Securities, LLC, Plaintiff.

Brian G. Selden, Jones Day, Columbus, OH, for Cardinal Health Inc, Richard J. Miller, Robert D Walter, Defendants.

Arthur L. Shingler, Scott & Scott, LLC, San Diego, CA, for The Engel Family Trust, Movant.

Scott D. Simpkins, Climaco Lefkowitz Peca Wilcox & Garofoli LPA—1, Cleveland, OH, for Gerald Burger, Wood Asset Management, Inc., Plaintiffs.

Scott E. Smith, Smith Phillips & Associates Co LPA, Worthington, OH, for Wood Asset Management, Inc., Plaintiff.

Pamela H Thurston, Squire Sanders & Dempsey—2, Columbus, OH, for Ernst & Young LLP, Defendant.

Marc A Topaz, Schiffrin & Barroway LLP—1, Bala Cynwyd, PA, for Gerald Burger, Plaintiff.

Sylvia Wahba–Keller, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, San Francisco, CA, for Pension Fund Group, Plaintiff.

Patrick G. Warner, David P. Meyer & Associates Co LPA, Columbus, OH, for Gerald Burger, Plaintiff.

Richard Stuart Wayne, Strauss & Troy—1, Cincinnati, OH, for First New York Securities, LLC, Wood Asset Management, Inc., Plaintiffs.

Lesley E. Weaver, Lerach Coughlin Stoia Geller Rudman & Robb, San Francisco, CA, for Pension Fund Group, Plaintiff.

Melvyn I. Weiss, Milberg Weiss Bershad Hynes & Lerach, New York, NY, for First New York Securities, LLC, Plaintiff.

William W. Wickersham, Entwistle & Cappucci LLP, New York, NY, for First New York Securities, LLC, Plaintiff.

David J. Worley, Chitwood & Harley LLP, Atlanta, GA, for First New York Securities, LLC, Pension Fund Group, Gerald Burger, Plaintiffs.

## ORDER

MARBLEY, District Judge.

### I. INTRODUCTION

This matter comes before the Court on Defendants' Motion For Partial Stay of Overlapping State Court Proceedings. [Docket No. 123]. Specifically, Defendants request a stay of all proceedings and/or discovery in the state-court derivative action relating to the accounting issues raised in the federal securities complaints. The Court **GRANTS** Defendants' Motion

to stay all discovery in the state court case relating to the accounting issues raised in the federal securities complaints. This stay shall remain in effect pending this Court's disposition of any motion to dismiss the ongoing consolidated federal securities case, *In re Cardinal Health Securities Litigation*, No. C2–04–575 (S.D. Ohio filed July 2, 2004).

## II. BACKGROUND and PROCEDURAL HISTORY

The consolidated federal securities case pending in this Court consists of putative class actions against Cardinal Health, Inc. ("Cardinal" or "the Company"), its officers, and related parties. The claims arise from announcements in July 2004 that the Company was the subject of a federal criminal investigation and that its Chief Financial Officer had resigned. After these announcements, the price of the Company's stock fell, and several class actions were filed alleging various violations of the federal securities laws, including Section 11 of the Securities Exchange Act of 1933, 15 U.S.C. § 77k, Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5.[1]

Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 104–67, 109 Stat. 737, this Court consolidated all securities class actions filed against Cardinal and related Defendants on December 16, 2004[2] and appointed Lead Plaintiff and Lead Plaintiff's Counsel on January 26, 2005. The PSLRA provides for a stay of discovery in federal securities fraud lawsuits during the pendency of any motion to dismiss:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of the motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u–4(b)(3)(B). Thus, any discovery in *In re Cardinal Health Securities Litigation* is presumptively stayed during "the pendency of a motion to dismiss."[3] *Id.*

The target of Defendants' Motion for a Partial Stay is *Staehr v. Walter*, No. 02–CVG–11–639, a pending state court shareholder derivative action against Cardinal's officers and directors in the Common Pleas Court of Delaware County, Ohio

---

1. As a consolidated complaint has not yet been filed, the Court recognizes that this list of claims is only a preliminary one.

2. The Court consolidated the following securities actions: *Burger v. Cardinal Health, Inc.*, No. C2–04–575; *Fener v. Cardinal Health, Inc.*, No. C2–04–579; *Senn v. Cardinal Health, Inc.*, No. C2–04–597; *Kim v. Cardinal Health, Inc.*, No. C2–04–598; *Arace v. Cardinal Health, Inc.*, No. C2–04–604; *Hessian v. Cardinal Health, Inc.*, No. C2–04–635; *Constance Matthews Living Trust v. Cardinal Health, Inc.*, No. C2–04–636; *Mariss Partners v. Cardinal Health, Inc.*, No. C2–04–649; *New Jersey v. Cardinal Health, Inc.*, No. C2–04–831; *First New York Securities LLC v. Cardinal Health, Inc.*, No. C2–04–911.

On December 15, 2004, the Court also consolidated fourteen ERISA class actions against Cardinal and related Defendants. *In re Cardinal Health, Inc. ERISA Litig.*, No. C2–04–643 (Dec. 15, 2004). To further facilitate judicial efficiency, this Court consolidated pretrial discovery in the Consolidated ERISA Action and the Consolidated Securities Action. *Id.*

3. This stay applies not only where the motion to dismiss has actually been filed, but where "it is anticipated that such a motion will be filed in the future." *In re DPL Inc., Sec. Litig.*, 247 F.Supp.2d 946, 947 n. 4 (S.D.Ohio 2003).

("state court").[4] The original complaint in *Staehr* was filed on November 8, 2002. It alleged that the state court defendants ("State Defendants") breached their fiduciary duties in connection with Cardinal's acquisition of Syncor International Corporation ("Syncor") in 2002. An Amended Verified Derivative Complaint was filed on March 21, 2003, which acknowledged that Cardinal had remedied the allegations set forth in the first complaint, but contained new allegations that State Defendants were improperly indemnifying Monty Fu, Syncor's former board chairman. In April 2003, the *Wall Street Journal* published an article regarding alleged accounting manipulations at Cardinal; consequently, the state court plaintiff ("Staehr" or "State Plaintiff") filed a Second Amended Complaint on June 3, 2003, alleging that State Defendants prematurely recognized a $22 million litigation settlement and breached their fiduciary duties by engaging in insider trading and other accounting improprieties. The state court denied State Defendants' motion to dismiss on November 20, 2003 and set a trial date of September 26, 2005.

State Plaintiff filed her First Request for Production of Documents on December 5, 2002 and her Second Request for Production of Documents on December 26, 2003. Specifically, State Plaintiff requested documents relating to investigations by the Securities and Exchange Commission and the Department of Justice, Cardinal's communications with accounting entities, and Cardinal's accounting methods for the settlement of anti-trust litigation involving vitamins ("Vitamin Settlement"). According to State Plaintiff, State Defendants "delayed their production of responsive documents for nearly two years." (Pl. Resp. at 3). Eventually, State Plaintiff filed a Motion to Compel State Defendants to respond to State Plaintiff's First and Second Request for Production of Documents, which the Court granted on February 8, 2005, with the caveat that the court's order was "subject to any Federal District Court stay on portions of discovery requests." *Staehr v. Walter*, No. 02–CVG–11–639 (Feb. 8, 2005) (Judgment Entry Granting Plaintiff's Motion to Compel).

On January 28, 2005, Defendants filed this Motion for Partial Stay of Overlapping State Court Proceedings, asking this Court to enter an Order staying all proceedings and/or discovery in *Staehr* relating to the accounting issues raised in the pending federal securities complaints. Defendants further request that the stay, if granted, remain in place until the Court decides any dismissal motion in the pending federal securities action. If the case survives Defendants' dismissal motion, Defendants ask that discovery in *Staehr* be coordinated with the federal action.[5]

### III. ANALYSIS

Defendants seek a partial stay of discovery in the pending state court derivative suit and base their request on 15 U.S.C. § 78u–4(b)(3)(D), entitled "Circumvention of stay of discovery," which provides as follows:

> Upon a proper showing, a court may stay discovery proceedings in any pri-

---

4. The named defendants in the state court case are Robert D. Walter, William E. Bindley, Dave Bing, George H. Conrades, John F. Finn, Robert L. Gerbig, John F. Havens, J. Michael Losh, John B. McCoy, Richard C. Notebaert, Michael D. O'Halleran, David W. Raisbeck, Jean G. Spaulding, Matthew D. Walter, Melburn G. Whitmire, Regina E. Herzlinger and Richard J. Miller ("State Defen-

dants"). Cardinal Health, Inc. is considered a "nominal defendant" in the state court action. (Pl. Resp. at 1).

5. On February 18, 2005, State Plaintiff filed a Specially Appearing State Court Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Partial Stay of Overlapping State Court Proceedings.

vate action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph.

15 U.S.C. § 78u–4(b)(3)(D). Section 78u–3(b)(3)(D) was adopted as part of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub.L. 105–353, 112 Stat. 3227, which was enacted in 1998 "to close a perceived gap in the PSLRA." *In re DPL Inc., Sec. Litig.,* 247 F.Supp.2d 946, 947 (S.D.Ohio 2003). As a result of Section 78u–4(b)(3)(B), the PSLRA provision that stays discovery in federal securities fraud cases during the pendency of a motion to dismiss, "attorneys were evading the restrictions of the PSLRA of 1995 by filing securities lawsuits in state courts."[6] *City of Austin Police Ret. Sys. v. ITT Educ. Serv., Inc.,* No. 1:04–CV–0380, 2005 WL 280345, at *3 (S.D.Ind. Feb.2, 2005). To curb this practice, Congress passed Section 78u–4(b)(3)(D) "to prevent plaintiffs from utilizing state court actions to circumvent the stay of discovery imposed by Section 78u–4(b)(3)(B)." *In re DPL Inc.,* 247 F.Supp.2d at 947. As explained in the legislative history:

This provision expressly permits a Federal court to stay discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction, or to protect or effectuate its judgments. This provision authorizes a court to stay such proceedings in State court, regardless of whether: (1) there exists a parallel action in Federal court; or (2) the State proceedings were brought prior to, subsequent to, or concurrently with, a Federal filing. Because circumvention of the stay of discovery of the [PSLRA] is a key abuse that this legislation is designed to prevent, the Committee intends that courts use this provision liberally, so that the preservation of State court jurisdiction of limited individual securities fraud claims does not become a loophole through which the trial bar can engage in discovery not subject to the stay of the [PSLRA].

H.R. Rep. No. 105–640, at 17–18 (1998).

■ To determine whether a stay of state court discovery proceedings is "necessary in aid of its jurisdiction, or to protect or effectuate its judgments," 15 U.S.C. § 78u–4(b)(3)(D), the Court relies on the following three factors: (1) whether there is a risk of Plaintiffs obtaining State Plaintiff's discovery, and to what extent a confidentiality agreement and/or protective order with Defendants can minimize this risk; (2) whether the state and federal actions contain overlapping legal claims and underlying facts; and (3) the burden that the state court discovery will impose on Defendants.[7] *In re Gilead Sciences*

---

6. Courts have enumerated two general purposes behind the PSLRA's stay provision: (1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss; and (2) to avoid the situation in which discovery at the state court level allows a federal plaintiff, who would not otherwise be able to meet the PSLRA's heightened pleading requirement, an opportunity to acquire information and resuscitate a complaint otherwise subject to dismissal. *In re Gilead Sciences Sec. Litig.,* No. 03–4999, slip op. at 3 (N.D.Cal. Nov. 22, 2004) (outlining these two interests which the PSLRA was designed to protect); *In re DPL Inc., Sec.*

*Litig.,* 247 F.Supp.2d 946, 947 (S.D.Ohio 2003) (same); *Lapicola v. Alternative Dual Fuels, Inc.,* No. 3–02–CV–02990G, 2002 WL 531545 (N.D.Tex. Apr.5, 2002) (same) (citation omitted), *overruled on other grounds by Newby v. Enron Corp.,* 338 F.3d 467, 473 n. 3 (5th Cir.2003).

7. Stated differently, a primary purpose of the PSLRA's stay provision, section 78u–4(b)(3)(B), is "[t]o prevent the unnecessary imposition of discovery costs on defendants." *Tobias Holdings, Inc. v. Bank United Corp.,* 177 F.Supp.2d 162, 165 (S.D.N.Y.2001).

*Sec. Litig.*, No. 03–4999, slip op. at 4 (N.D.Cal. Nov. 22, 2004). First, however, the Court addresses State Plaintiff's threshold argument that SLUSA is not generally applicable to state court derivative actions.

## A. SLUSA's Applicability to State Derivative Actions

■ This Court must determine whether 15 U.S.C. § 78u–4(b)(3)(D) broadly applies to state court derivative actions, or whether, as State Plaintiff argues, it applies only where the movant can demonstrate the state plaintiff's intent to circumvent the PSLRA's stay provision. The plain language of the statute provides that "a court may stay discovery proceedings in *any* private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 15 U.S.C. § 78u–4(b)(3)(D) (emphasis added). Thus, by the text of the statute, a derivative state court action may be stayed pursuant to 15 U.S.C. § 78u–4(b)(3)(D) without a showing of the state plaintiff's intent to circumvent the PSLRA's stay provision. Although an intent to circumvent should be one factor in the Court's determination, it is not a dispositive one. *See Newby v. Enron Corp.*, 338 F.3d 467, 473 (5th Cir. 2003) ("We see no reasons why the discovery stay provision in § 78u–4(b)(3)(D) should not also apply to stays of discovery in any private, class or nonclass, action in state court"); *In re DPL Inc., Sec. Litig.*, 247 F.Supp.2d 946, 948 (S.D.Ohio 2003) ("Derivative actions in state court may be stayed pursuant to the provisions of § 78u–4(b)(3)(D).").

State Plaintiff would have this Court ignore the language of the provision in favor of the House Report's description of SLUSA's purpose. (Pl. Resp. at 7) (citing H.R. REP. No. 105–640, at 17–18 (1998) for the proposition that SLUSA was enacted "in order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the [PSLRA]"). State Plaintiff relies primarily on *City of Austin Police Ret. Sys. v. ITT Educ. Serv., Inc.*, No. 1:04–CV–0380, 2005 WL 280345, at *3 (S.D.Ind. Feb.2, 2005), which found that Congress did not intend for 15 U.S.C. § 78u–4(b)(3)(D) to allow federal courts to halt any state action's discovery; rather, Congress intended the provision to apply almost exclusively to state securities fraud actions. *ITT*, 2005 WL 280345, at *3; *see also Tobias Holdings, Inc. v. Bank United Corp.*, 177 F.Supp.2d 162, 168 (S.D.N.Y. 2001) (describing 15 U.S.C. § 78u–4(b)(3)(D) as a provision enacted to preclude "litigation of securities class actions in state courts"). The court in *ITT* further held that because state derivative actions were not intended targets of SLUSA, they should only be stayed upon a showing that the state plaintiff intends to circumvent the PSLRA's stay provision. *Id.* at *3 ("[A]n intent to evade the PSLRA stay of discovery would weigh heavily in favor of a stay under the SLUSA, at least where the state court proceeding is not a securities fraud claim.").

■ ■ This Court, however, finds the plain language of 15 U.S.C. § 78u–4(b)(3)(D) more persuasive than its legislative history. Had Congress intended to limit this provision to securities fraud actions, it could have done so. Likewise, had Congress desired to require a showing of an intent to circumvent the PSLRA, it could have incorporated language to that effect.[8] The statute as written, however, clearly states that "a court may stay discovery proceedings in any private action in

8. Although legislative history is certainly relevant to resolving ambiguities in statutory language, it is "no more authoritative than other sources of statutory interpretation . . . ." *In re Telxon Corp. Sec. Litig.*, 67 F.Supp.2d 803, 820 (N.D.Ohio 1999) (rejecting one party's suggestion that the Conference Report trumped the language of a PSLRA provision, reasoning that "the Conference Report does not constitute the law, but is, instead, a gloss

a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 15 U.S.C. § 78u–4(b)(3)(D). Thus, this Court finds the provision, as applied to state court derivative actions, does not require a showing that the state plaintiff intended to circumvent the PSLRA. The Court can now address whether a stay is "necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 15 U.S.C. § 78u–4(b)(3)(D).

## B. Risk of Circumvention

Defendants argue that allowing discovery in *Staehr*, as it relates to the accounting issues raised in the federal litigation, "would effectively circumvent the PSLRA's heightened pleading requirements and automatic stay of discovery" by allowing Plaintiffs in federal court to bolster their Complaint before any dismissal motion has been decided.[9] (Def. Mem. in

Support at 8–9) (citing *In re DPL Inc., Sec. Litig.*, 247 F.Supp.2d 946, 948 (S.D.Ohio 2003), for the proposition that the state court litigation should not be an opportunity for the federal plaintiffs to "resuscitate a complaint that is otherwise subject to dismissal under the heightened pleading requirements of PSRLA"). Defendants caution that any confidentiality agreement would not be sufficient because "the mere receipt of discovery materials by Staehr will prejudice Defendants and thwart Congress's goals in enacting SLU-SA" and "discovery materials and related evidence may be disclosed publicly while this Court's stay is in effect."[10] (Def. Mem. in Support at 12, 14).

 State Plaintiff responds by arguing that the only relevant question is whether the federal Plaintiffs' attorneys are intending to circumvent the discovery stay in federal court.[11] This Court dis-

---

placed on the law by members of the House and Senate (or, more accurately, their staff), which is intended to persuade members of both houses to vote in favor of the law"). In *Telxon*, the parties urged the court to read a categorical exception for institutional investors into the PSLRA's ban on appointing a lead plaintiff who has served more than five times in a three year period. *Id.* at 820–21 (citing 15 U.S.C. § 78u–4(a)(3)(vi)). The court chose, however, to rely primarily on the statutory language, noting "[i]f Congress had intended to grant a blanket exemption from operation of the rule to institutional investors . . ., it could easily have stated" as such. This reasoning is persuasive in the case sub judice.

9. The heightened pleading referenced by the parties refers to Section 78u–4(b)(2), which requires as follows:

In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.
15 U.S.C. § 78u–4(b)(2).

10. Defendants rely primarily on cases in which the state plaintiffs' lawyers were deliberately attempting to avoid the PSLRA's discovery stay by filing in state court. (Def. Mem. in Support at 12, 14) (citing *In re DPL*, 247 F.Supp.2d at 950 (noting that the attorneys, who represented both federal and state plaintiffs, indicated that the discovery would be shared), and *Newby*, 338 F.3d at 475 (finding the state plaintiff's counsel had been deliberately attempting to evade a stay of discovery by filing in state court)).

11. State Plaintiff asserts that she is not attempting to circumvent the PSLRA's stay provision, arguing that she filed her derivative complaint containing allegations of fraud on June 3, 2003, more than one year before the first federal Plaintiff filed a complaint against Cardinal. *Burger v. Cardinal Health, Inc.*, No. C2–04–575, 2004 WL 2301110 (S.D. Ohio filed July 2, 2004). (Pl. Resp. at 2–3, 12). Moreover, State Plaintiff emphasizes that "there are no overlapping [attorney] representations of plaintiffs between the state and federal courts." (Pl. Resp. at 12). Finally, State Plaintiff notes that the parties have signed a confidentiality agreement: "[T]he parties have already entered into a Protective

agrees with State Plaintiff's analysis. The dispositive question with regard to "risk of circumvention" is whether some form of relevant discovery is likely to reach the federal plaintiffs during the pendency of a motion to dismiss in federal Court: § 78u–4(b)(3)(D) includes no mention of a requisite intent to circumvent the PSLRA. In the case sub judice, this Court remains concerned that some form of discovery, whether it be a state court order resolving a discovery dispute or a public hearing, will reach Plaintiffs before this Court has decided any dismissal motion.[12] Due to the advanced nature of the state court suit, as trial has been set for September 26, 2005, discovery hearings, discovery orders, and perhaps a public trial are likely. The result, intentional or not, will be to circumvent the PSLRA's stay provision.

### C. Overlapping Legal Claims and Underlying Facts

State Plaintiff argues that state claims and federal claims have long run concurrently without federal courts issuing discovery stays, citing *City of Austin Police Ret. Sys. v. ITT Educ. Serv., Inc.*, No. 1:04–CV–0380, 2005 WL 280345, at *6 (S.D.Ind. Feb.2, 2005) ("It is not at all unusual for securities fraud and related shareholder derivative cases to proceed along parallel tracks, without interfering with one another."), and *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F.Supp.2d 162, 169 (S.D.N.Y.2001) (holding that a federal stay of non-fraud state claims is not necessary because "the non-fraud claims would not interfere with the jurisdiction of the federal court or threaten its

judgments in any way"). (Pl. Resp. at 12–13).

The courts' holdings regarding non-fraud based state claims in *ITT* and *Tobias Holdings* are well-taken, but the circumstances presented in those cases differ substantially from those presented here. In *ITT*, the state court derivative action was at its embryonic stages as the state plaintiff had only begun the first stage of discovery. *ITT*, 2005 WL 280345, at *6 ("The Section 220 action is . . . a precursor to a possible shareholder derivative action . . . ."). Similarly, in *Tobias Holdings*, the court was merely speculating about the interplay between federal and state court claims. The case actually turned on whether the state law claims of breach of contract, conspiracy, and tortious interference with contract, which had all been filed in federal court based solely on diversity jurisdiction, should be stayed while the federal securities action was pending. *Tobias Holdings*, 177 F.Supp.2d at 167 (refusing a stay, reasoning "Plaintiff's state law claims are substantive claims which . . . include separate and distinct breach of contract and tortious interference claims").

█ This case, however, involves a state court derivative claim predicated almost entirely on the gravamen of the complaints pending in this Court: securities fraud. Thus, were discovery to reach accidentally the federal Plaintiffs, the information would likely be applicable to the federal case because both involve the same substantive arguments. Moreover, as Defendants argue, the risk of inconsistent rulings would be unreasonably high given the similar subject matter, risking unneces-

---

Order which prohibits the sharing of discovery with the federal class plaintiffs." (Pl. Resp. at 11) (noting that on August 20, 2004, the parties filed a *Stipulated Protective Order Governing Order Governing the Production, Exchange and Use of Discovery Material* at Pl.Ex. I).

12. The briefing schedule in the federal securities action requires the Lead Plaintiff's consolidated complaint is due on April 22, 2005. Defendants' responsive pleading is due sixty days later.

sary tension between the courts. (Def. Mem. in Support at 9) (stressing that conflicting rulings are likely, on "privilege issues and the like").[13] A stay of discovery in the state court derivative action will thus avoid any conflict between this Court and the state court, which would be ruling on a multitude of similar, if not identical, issues.

### D. Scope of Burden of Discovery

Given that one purpose of the PSLRA's discovery stay is "to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss," *Lapicola v. Alternative Dual Fuels, Inc.*, No. 3–02–CV–02990G, 2002 WL 531545, at *1 (N.D.Tex. Apr.5, 2002), Defendants argue that complying with the discovery requests of two sets of plaintiffs will be duplicative and burdensome: "[T]he Staehr plaintiff has served open-ended discovery requests that may require the production of hundred of thousands of documents." (Def. Mem. in Support at 13). Defendants predict that Cardinal, its officers, and any implicated third parties would have to "produce the same documents twice, respond to multiple sets of interrogatories, [and] defend and take the same depositions twice," and also stress

that both this Court and the state court "would have to litigate, and resolve the same discovery disputes in two separate courts." (Def. Mem. in `Support at 14).

■ Defendants' arguments are well-taken. The burden placed upon the Defendants would be inordinately large given the quickly impending state court trial, and coordination of state and federal court discovery would be an impossibility. Most importantly, however, rejecting Defendants' request for a discovery stay would waste substantial judicial resources. Discovery proceedings in both the federal and state actions promise to be rife with disputes and litigating them in both the state and federal courts would be cumbersome and inefficient.

In sum, upon consideration of these factors, the Court concludes that the circumstances herein are such that a stay of discovery in the state derivative action is appropriate.[14] A stay of all discovery in the state court case relating to accounting issues raised in the federal securities complaints is warranted: the possibility of circumventing the PSLRA is likely despite the confidentiality agreement and the good faith efforts of State Plaintiff; the overlapping claims are such that inconsistent

---

**13.** The state court appears to be in accordance with this Court's desire to avoid unseemly conflict. In the state court's Order Granting Plaintiff's Motion to Compel, Judge Krueger ruled that the Order was "subject to any Federal District Court stay on portions of discovery requests." *Staehr v. Walter*, No. 02–CVG–11–639 (Feb. 8, 2005) (Judgment Entry Granting Plaintiff's Motion to Compel).

**14.** State Plaintiff and Defendants argue extensively over the implications of the Anti–Injunction Act, 28 U.S.C. § 2283 and the All Writs Act, 28 U.S.C. § 1651 on this Court's ability to stay discovery in state court. The Court notes that the words of § 78u–4(b)(3)(D), "necessary in aid of its jurisdiction, or to protect or effectuate its judgments" echo those set forth in the Anti–Injunction

Act. The Anti–Injunction Act has been narrowly construed to only allow a federal court to enjoin state court proceedings in very particular circumstances. The Court, however, like other federal courts, declines to interpret § 78u–4(b)(3)(D) to comport with the tight constraints of the Anti–Injunction Act. *See, e.g., City of Austin Police Ret. Sys. v. ITT Educational Services, Inc.*, 2005 WL 280345, at *7 (S.D.Ind. Feb.2, 2005) ("[I]t is reasonable to conclude that in enacting SLUSA, Congress intended to expand federal courts' existing authority to block state court proceedings, and it expected that there would be some cases where allowing discovery to proceed in state courts would interfere with a federal court's jurisdiction or its judgments.").

rulings would be a real possibility; and the burden on Defendants and judicial resources would be great.

## IV. CONCLUSION

For the foregoing reasons, this Court hereby **GRANTS** Defendants' Motion to stay all discovery in the state court case relating to the accounting issues raised in the federal securities complaints. [Docket No. 123]. This Order shall remain in effect until the Court has ruled upon any forthcoming motion seeking dismissal of the Plaintiffs' federal securities claims.[15]

**IT IS SO ORDERED.**

**15.** The Court found the parties' briefs on this matter sufficient; thus, Defendants' Request for Oral Argument is denied.