Taylor v. Fernandes, 2018 NCBC 4.

STATE OF NORTH CAROLINA

COUNTY OF DURHAM

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 1578
MASTER FILE
(related case 17 CVS 002126)

ERIK TAYLOR, Derivatively and on
Behalf of CEMPRA, INC.,

                Plaintiff,

   v.

PRABHAVATHI FERNANDES, et al.,

                Defendants,

   and

CEMPRA, INC.,

             Nominal Defendant.

**ORDER AND OPINION ON MOTION
TO SEAL**

THIS MATTER comes before the Court on Plaintiff's Motion to File Verified Amended Shareholder Derivative Complaint under Seal. ("Motion", ECF No. 30.) Plaintiff seeks leave to file under seal portions of the allegations in his Amended Complaint (un-redacted Amended Complaint, ECF No. 29 [filed under seal]; redacted Amended Complaint, ECF No. 31) that contain information the Defendants designated as confidential pursuant to a confidentiality agreement entered between Plaintiff and Nominal Defendant Cempra, Inc. ("Cempra"). Plaintiff sought Defendants' consent to file the Amended Complaint unsealed, but Defendants' declined to consent. As the party seeking to have the information sealed, pursuant to Rule 5.3 of the General Rules of Practice and Procedure for the North Carolina

Business Court, Defendants subsequently filed a Supplemental Brief in Support of the Motion. (ECF No. 32.)

THE COURT, having considered the Motion, the supplemental brief, and other appropriate matters of record, concludes, in its discretion, that the Motion should be GRANTED in part, and DENIED in part, for the reasons set forth below.

A. Background

This is a shareholder derivative action filed by Plaintiff against directors, officers, and shareholders of Cempra. Cempra is a "clinical-stage pharmaceutical company focused on developing differentiated antibiotics." (ECF No. 31 at ¶ 2.) At the times relevant to Plaintiff's claims, Cempra was conducting clinical trials for a drug named "solithromycin." (*Id.* at ¶ 3.) Plaintiff's claims arise from the alleged conduct of Cempra's directors, officers, and shareholders related to the development of solithromycin. The Amended Complaint makes claims for breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets. (*Id.* at ¶¶ 317–52.)

Cempra and some of the parties to this lawsuit also are parties to consolidated securities fraud class actions in the United States District Court for the Middle District of North Carolina, and at least one shareholder derivative action in the Delaware Court of Chancery. At the request of the parties, this case was stayed from July 6, 2017 until November 27, 2017, on the basis of the federal securities actions.

During the stay, Plaintiff and Defendants entered into a confidentiality agreement (ECF No. 32.1) pursuant to which Defendants produced to Plaintiff certain

information regarding the claims at issue in this lawsuit. (ECF No. 32 at p. 2.) Defendants designated such information as confidential. Plaintiff has incorporated some of the information designated as confidential by Defendants into allegations of the Amended Complaint. (ECF No. 32 at p. 3.)

Defendants contend that the information it seeks to have filed under seal constitutes "Cempra's confidential and proprietary information concerning clinical trial research, development, and potential FDA approval of drug candidates." (ECF No. 32 at p. 5.) The Court has reviewed the proposed redactions and finds that the information claimed as confidential generally falls into four categories:

1. The dates of meetings of Cempra's Board of Directors ("BOD") and attendees at those meetings;

2. Information regarding BOD actions related to the severance of Defendant Prabhavathi Fernandes;

3. Information reported to and discussed regarding the results of the clinical trials of solithromycin; and

4. Information discussed in BOD meetings regarding the manufacturing process for solithromycin.

Defendant has not explained specifically how the particular information at issue is proprietary or how its disclosure would benefit business competitors or harm Defendants. Nevertheless, the Court reviews below the information and attempts to discern why it is proprietary.

B. <u>Analysis</u>

Documents filed in the courts of the State of North Carolina are "open to the inspection of the public," except as prohibited by law. N.C. Gen. Stat. § 7A-109(a) (hereinafter "G.S."); *see also Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 463, 515 S.E.2d 675, 685 (1999) (noting that G.S. § 7A-109(a) "specifically grants the public the right to inspect court records in criminal and civil proceedings"). Nevertheless, "a trial court may, in the proper circumstances, shield portions of court proceedings and records from the public." *France v. France*, 209 N.C. App. 406, 413, 705 S.E.2d 399, 405 (2011) (emphasis omitted).

This Court starts with the "presumption that the civil court proceedings and records at issue . . . must be open to the public." *Id.* at 414, 705 S.E.2d at 406. The party seeking to have a filing sealed bears the burden of overcoming this presumption "by demonstrating that the public's right to open proceedings [is] outweighed by a countervailing public interest." *Id.* The determination of whether evidence should be filed under seal is within the discretion of the trial court. *See In re Investigation into Death of Cooper*, 200 N.C. App. 180, 186, 683 S.E.2d 418, 423 (2009).

Information that is "a trade secret or other confidential research, development, or commercial information" can be sealed by the Court upon motion by the parties, in the interest of protecting the public interest in protecting confidential and proprietary business information. *See* G.S. § 1A-1, Rule 26(c)(vii); s*ee France*, 209 N.C. App. at 416, 705 S.E.2d at 407 (noting that "[c]ertain kinds of evidence may be such that the public policy factors in favor of confidentiality outweigh the public policy factors

supporting free access of the public to public records and proceedings," including "trade secret" information) (citing G.S. § 66-156).

A court, however, is not bound by the parties' designation of material as "confidential," even if the designation is made in accordance with a confidentiality agreement executed by the parties. *France*, 209 N.C. App. at 415–16, 705 S.E.2d at 407 ("Evidence otherwise appropriate for open court may not be sealed merely because an agreement is involved that purports to render the contents of that agreement confidential."). "[A party] cannot, by contract, circumvent established public policy—the qualified public right of access to civil court proceedings. [That party] must show some independent countervailing public policy concern sufficient to outweigh the qualified right of access to civil court proceedings." *Id.* at 415, 705 S.E.2d at 407.

Defendants bear the burden of overcoming the presumption that the entire contents of the Amended Complaint should be available to the public. Defendants argue that the information should be sealed because (1) the information is the confidential and proprietary business information of Cempra, and (2) Defendants designated the material as confidential pursuant to the confidentiality agreement. (ECF No. 32 at pp. 3–5.)

The fact that the parties have agreed to treat information as confidential does not require that the Court permit it to remain under seal. *France*, 209 N.C. App. at 415–16, 705 S.E.2d at 407.

The Court has thoroughly reviewed the proposed redactions from the Amended Complaint and concludes that certain information revealed in BOD meetings regarding the results of Cempra's clinical trials for solithromycin, and the content of communications between Cempra and the United States Food and Drug Administration about those results, should be treated as confidential and proprietary business information at this stage of the litigation and that it should be protected from public disclosure. In addition, certain information about the process by which solithromycin is manufactured also should be treated as confidential and proprietary business information. This information, if revealed, could prove valuable to competitors developing similar pharmaceuticals.

The other items of information Defendants seek to have sealed are the dates of and attendees at BOD meetings and other information revealed in those meetings. Defendants have not met their burden of establishing that there is a strong public policy reason to protect this information that outweighs the public's right to access the files of this Court.

Defendants also argue that the information should be sealed based on policy considerations underlying the federal Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4. The PSLRA provides that "[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss . . . ." 15 U.S.C. § 78u-4(b)(3)(B). Defendants contend that discovery currently is stayed in the related federal securities actions pending disposition of a motion to dismiss, and, if the Amended Complaint is not

sealed, the plaintiffs to the federal action will receive "relevant discovery . . . in the form of allegations in this case describing and characterizing Cempra's internal discussions." (ECF No. 32 at pp. 5–6.)

Defendants cite *In re Cardinal Health, Inc. Sec. Litig.*, 365 F. Supp. 2d 866 (S.D. Ohio 2005), in support of their argument. In *Cardinal Health*, the defendants in a consolidated federal securities case filed a motion in the federal court to stay discovery in a state court shareholder derivative action against the corporation's officers and directors while a motion to dismiss was pending before the federal court. The state action involved accounting issues also raised in the federal securities actions. *Cardinal Health*, 365 F. Supp. 2d at 870.

In *Cardinal Health*, the defendants moved for the stay pursuant to 15 U.S.C. § 78u-4(b)(3)(D), entitled "Circumvention of stay of discovery," which provides as follows:

> Upon a proper showing, a court may stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph.

*Id.* at 871–72. The purpose of § 78u-4(b)(3)(D) is "to prevent plaintiffs from utilizing state court actions to circumvent the stay of discovery imposed by Section 78u-4(b)(3)(B)." *Id.* at 872. The district court held that among the factors to consider in deciding whether it should order discovery stayed in the state court action was "whether the state and federal actions contain overlapping legal claims and underlying facts." *Id.* In *Cardinal Health*, the federal district court ordered discovery

stayed in the state court shareholder derivative action, holding, *inter alia*, that the "state court derivative claim [is] predicated almost entirely on the gravamen of the complaints pending in this Court: securities fraud. Thus, were discovery to reach accidentally the federal Plaintiffs, the information would likely be applicable to the federal case because both involve the same substantive arguments." *Id.* at 875.

The Court is not persuaded by Defendants' arguments based on the PSLRA and *Cardinal Health*. First, the Court is not aware of any efforts by the defendants in the federal securities actions to stay discovery, or to prevent Plaintiff from disclosing information in this lawsuit that has not yet come to light in the federal lawsuits. Second, Defendants have not established, or even argued, that the claims in the federal securities actions are "predicated almost entirely on the gravamen of the complaints pending in this" lawsuit or that the claims in the federal lawsuit and this case "both involve the same substantive arguments." *Cardinal Health*, 365 F. Supp. 2d at 872.

Finally, if Defendants were concerned that pleadings in this case could reveal information to the plaintiffs in the ongoing federal actions, they could have allowed the stay in this case to continue until a final resolution of the federal actions, as was their option under this Court's order. (Order Staying Case, ECF No. 21 at p. 2.) Instead, Defendants, along with Plaintiff, asked this Court to lift the stay and let this action proceed. The Court concludes that Defendants are not entitled to have the information in the Amended Complaint sealed based on the policy underlying the PSLRA and the holding in *Cardinal Health*.

THEREFORE, IT IS ORDERED that the Motion is GRANTED in part, and DENIED in part, as follows:

1. The Motion to Seal with regard to paragraphs 206, 207, 209, 210, 211, 214, 216, and 217 in the redacted Amended Complaint is GRANTED, and such paragraphs shall remain under seal.

2. The Motion to Seal with regard to paragraphs 9, 203, 212, 213, 219, 246, 269, 290, and 305 in the redacted Amended Complaint is DENIED and such paragraphs shall be unsealed.

3. The Motion to Seal with regard to paragraph 205 in the Amended Complaint is GRANTED, in part, and DENIED, in part. The first portion of the paragraph through and including the phrase "informed the Board" shall be unsealed. The remainder of the paragraph starting with and including the word "that" and ending with the word "dosage" shall remain under seal.

4. The Motion to Seal with regard to paragraph 208 in the Amended Complaint is GRANTED, in part, and DENIED, in part. The first portion of the paragraph through and including the word "results" shall be unsealed. The portion starting with and including the word "of" and ending with and including "meeting," shall remain under seal. The remainder of the paragraph starting with and including the word "questions" shall be unsealed.

5. The Motion to Seal with regard to paragraph 215 in the Amended Complaint is GRANTED, in part, and DENIED, in part. The first portion of the paragraph through and including the word "that" shall be unsealed. The remainder of the paragraph beginning with and including the word "other" shall remain under seal.

6. The Motion to Seal with regard to paragraph 288 in the Amended Complaint is GRANTED, in part, and DENIED, in part. The portion of the second sentence starting with and including the word "As" through and including the word "informed" shall be unsealed. The remainder of the second sentence beginning with and including the word "that" and ending with and including the word "levels" shall remain sealed. The portion of the third sentence beginning with and including the word "Further" through and including the word "information" shall be unsealed. The remainder of the paragraph starting with and including the word "about" shall remain under seal.

7. The Motion to Seal with regard paragraph 289 of the Amended Complaint is GRANTED, in part, and DENIED, in part. The portion of the second sentence beginning with "Defendant Fernandes" through and including the words "December 2016" shall be unsealed. The remainder of the paragraph shall remain under seal.

8. On or before January 26, 2017 Plaintiff shall file a revised redacted Amended Complaint in compliance with this Order.

This the 18th day of January, 2018.

   /s/ Gregory P. McGuire

Gregory P. McGuire
Special Superior Court Judge for
Complex Business Cases